IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN JORGE SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0240 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

On December 6, 1990, petitioner JUAN JORGE SANCHEZ was convicted of the offense of murder in Bexar County, Texas, and assessed a 99-year sentence. Petitioner became eligible for early conditional release to parole on November 9, 2007. In 2008, due to repetitive and frivolous filings challenging his conviction, the United States Court of Appeals for the Fifth Circuit assessed monetary sanctions against petitioner and barred him "from filing any challenge to this conviction unless he first obtained leave of the court in which he sought to file such a challenge." In 2009, the Fifth Circuit assessed additional monetary sanctions against petitioner and barred him "from filing in this Court or in any court subject to this Court's jurisdiction any challenge to his conviction or sentence until both sanctions have been paid in full." The Fifth Circuit further instructed all courts in which it had jurisdiction "not to accept any pleading, motion, or other filing related to [petitioner's] conviction or sentencing until both sanctions have been paid."

According to petitioner's habeas petition (discussed below), he has been denied release to parole three (3) times and each time the reasons for denial included the "record indicates use of a weapon." Petitioner's next parole review date is September 2017.

On November 24, 2014, petitioner submitted to this Court a Petition for a Writ of Habeas Corpus wherein he appeared to allege the following:

1. Although convicted of the offense of *murder* under Texas Penal Code § 19.02, respondent, through its policy and parole procedures, has altered petitioner's punishment to reflect a conviction for *capital murder* under Texas Penal Code § 19.03.

2. Although no affirmative finding of a deadly weapon was made in petitioner's Judgment of Conviction, petitioner is now being denied parole because the "record indicates use of a weapon."

3. Petitioner is being denied access to parole despite having served over 25 years flat time of his 99-year sentence.

In accordance with the Fifth Circuit's sanction order, the Clerk of this Court refused to accept petitioner's November 2014 habeas petition and closed petitioner's case.

Petitioner has now filed a motion requesting this Court grant relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, from the November 24, 2014 dismissal of his federal habeas corpus petition pursuant to the sanction order. For the reasons set forth below, it is the opinion of the United States Magistrate Judge that petitioner's Rule 60(b) motion should be denied.

Petitioner first asserts he is entitled to relief because the sanction order, pursuant to which his habeas application was dismissed, is not applicable to this case. The sanction order bars petitioner from filing in the United States Court of Appeals for the Fifth Circuit, or any court subject to that court's jurisdiction, "any challenge to his conviction or sentence" until sanctions in the amount of $400 have been paid in full. The sanction order instructs the clerks of all courts under

the jurisdiction of the Fifth Circuit "not to accept any pleading, motion, or other filing related to [petitioner's] conviction or sentencing" until all sanctions have been paid. Petitioner asserts the sanction order is not applicable to his dismissed habeas application because he is challenging "policy and parole procedures" of TDCJ-CID rather than his underlying murder *conviction* or 99-year *sentence*.

Upon review of the dismissed habeas petition, the initial question is whether petitioner is seeking habeas relief at all. This Court may grant habeas corpus relief only when a petitioner shows he "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus is the appropriate remedy only when a petitioner is challenging his confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.E.2d 439 (1973)). "The core issue in determining whether a prisoner must pursue [§ 2254] habeas corpus relief rather than a [42 U.S.C. § 1983] civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, or procedures affecting 'conditions' of confinement." *Id.* (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). "If a 'favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-821 (5th Cir. 1997).

If petitioner is, in fact, attempting to challenge "policy and parole procedures," the appropriate action would appear to be by a civil rights complaint under 42 U.S.C. § 1983, not a habeas corpus proceeding under 28 U.S.C. § 2254. If petitioner is seeking to challenge a finding of the parole board, a reason given by the parole board for denying petitioner parole, set off dates, or

other any other allegedly unlawful parole policies or erroneous parole actions, any relief available in this habeas proceeding would not automatically result in petitioner's earlier release from confinement. Although petitioner appears to be seeking relief only available under a section 1983 proceeding, this Court declines to re-designate the habeas petition as a civil rights complaint because doing so would obligate petitioner to pay the $400 filing fee and subject him to the Prison Litigation Reform Act (PLRA) filing fee requirements without his choosing to do so.

If, in fact, this is a habeas case, petitioner first appears to argue TDCJ-CID has wrongfully altered his commitment records to reflect he was convicted of the criminal offense of *capital* murder (under section 19.03 of the Texas Penal Code) rather than the criminal offense of murder (under section 19.02 of the Texas Penal Code), and that the Texas Board of Pardons and Paroles is erroneously subjecting him to parole eligibility requirements for a *capital* murder offense. Petitioner has failed to show such to be true.

Review of the online commitment information maintained by TDCJ-CID shows petitioner was convicted of the offense of *murder* on December 12, 1986 and that petitioner is currently confined in TDCJ-CID pursuant to that *murder* conviction, not a *capital* murder conviction. Petitioner became eligible for parole on November 9, 2007 after serving 20 years of his 99-year sentence. Petitioner was last denied parole on September 23, 2014, and his next parole review is September 2017.

Again, if petitioner is seeking relief through a habeas action, his attempt to classify his habeas petition as not being an attack relating to his conviction or sentence is without merit. The petition clearly challenges his sentence and the sanction order is clear – the clerk is "not to accept any pleading, motion, or other filing related to his conviction or sentencing." Petitioner wants his

conviction changed from "capital murder" to "murder." Even if TDCJ-DIC were classifying his conviction as one for "capital murder," which they are not, his claim would still be an attack "relating" to his conviction or sentence. The District Clerk properly rejected petitioner's habeas application based on the express language of the sanction order. Petitioner has not paid his sanctions nor has he sought leave of the Fifth Circuit to file a pleading relating to his conviction or sentence.

Petitioner has failed to set forth facts which would entitle him to relief under Rule 60(b). Petitioner's motion should be denied.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "Motion for Relief from Judgment" filed by petitioner JUAN JORGE SANCHEZ be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___25th___ day of June 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).